**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7527**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ARTHUR F. JONES, a/k/a Arthur Palmer, a/k/a June, a/k/a Junior,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:99-cr-00362-DCN-1; 2:11-cv-70058-DCN)

Submitted: February 23, 2012        Decided: February 29, 2012

Before DUNCAN, WYNN, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Arthur F. Jones, Appellant Pro Se. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur F. Jones seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion to vacate the court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2011) motion.* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

_____

*  We note that the district court should have construed Jones's Rule 60(b) motion as an unauthorized second or successive § 2255 motion and dismissed it on that basis, as the motion attacked the merits of the underlying order, rather than a defect in the § 2255 proceeding. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

2

On appeal, as in the district court, Jones seeks review of the underlying merits of his § 2255 motion. Jones's request for relief amounts to an unauthorized successive § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal.

We further construe Jones's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2011). Jones's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3